**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MELVIN GRAYER**                                                                         **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.:   3:19CV622-CWR-LRA**

**CENTURION OF MISSISSIPPI, LLC, et al**                      **DEFENDANTS**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Melvin Grayer had "three-strikes" under that provision of the Prison Litigation Reform Act prior to filing this lawsuit. 28 U.S.C. section 1915(g). By Order [7] filed November 8, 2019, the Court entered an Order granting Grayer's motion to proceed *in forma pauperis* and noting that it could not determine whether Grayer met the exception provision at this stage of the litigation. The exception is that if a plaintiff shows that he is in "imminent danger of serious physical injury," he may be allowed to proceed *in forma pauperis*.

On February 3, 2020, Defendants filed a Motion to Dismiss or in the Alternative Revoke Plaintiff's IFP Status [28]. Grayer's complaint concerns his allegation that he was denied dental care. He filed a response to the motion [31], alleging that he is in imminent danger of serious physical injury because his lower teeth are now cutting into his gums. Because of this, he cannot eat properly and is losing weight. His two teeth were pulled, and he was not provided with a partial plate, according to Grayer. [31, p. 3].

Primarily in order to hear argument on Defendants' pending motion, the undersigned set this case for an omnibus hearing to be conducted by video conference on

July 27, 2020, at 1:00 p.m. Grayer was to appear by video from where he was housed, the Harrison County Adult Detention Center [HCADC] in Gulfport, Mississippi. The notice of the hearing was mailed to Grayer at the HCADC, but it was returned as undeliverable on July 7, 2020, with the notation that "inmate refused to sign for mail." Although defense counsel appeared for the hearing on July 27, Plaintiff did not appear. According to the HCADC, Grayer was released from that facility before the hearing.

Grayer refused the notice of the hearing and was released prior to July 27. The office of the undersigned received notice that Grayer was no longer in custody; he was released from the custody of the Mississippi Department of Corrections upon the expiration of his sentence.

Plaintiff filed this case, and it was his responsibility to prosecute his claims. The Court advised him of that responsibility in several Orders [5, 7, 8]. He was warned that his "[f]ailure to advise the Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case." [7]. His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs. Grayer was aware of his responsibility, as he did keep the Clerk of the Court advised of changes in his address until his release from custody.

Grayer has not abided by the orders of this Court due to his failure to attend the hearing and to keep the Court advised of his current address. He must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a

>    dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.   The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.   "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute---even incarcerated litigants must inform the court of address changes).   Grayer was released from custody and did not provide his new address.   His failure to provide his new address prevents the Court from moving this case forward.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff

3

exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).   The record in Grayer's case supports such a finding.   Grayer obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint.   The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. Because the dismissal is without prejudice, it is unnecessary for the Court to consider the issued raised in Defendants' dispositive motion [28].   That motion should be dismissed without prejudice.   Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of August 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

4